

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

January 5, 2003

*Via Hand Delivery*

Victoria Bonilla-Argudo, Esq.
Bourbeau & Bonilla
21 Union Street
Boston, MA 02108

    Re:  United States v. Laura Esther Freytes a/k/a Emma Freytes
         <u>Criminal No. 03-10365-MEL</u>

Dear Attorney Bonilla-Argudo:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant Laura Esther Freytes a/k/a Emma Freytes ("Freytes") in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

    1)   Statement of Freytes to Stephen Wells dated January 11, 2002 (Enclosed as documents bates labeled US00000534-US00000537).

    b.    <u>Recorded Statements</u>

There are no relevant recorded statements of the defendant Freytes in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant Freytes did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

1) Oral statements made to Special Agent Stephen Wells and Special Agent Jason Donnelly on January 31, 2002 memorialized in Special Agent Wells' Report of Investigative Activity (Form OI-3) dated February 8, 2002 (Enclosed as documents bates labeled US00000532 - US00000533); and

2) Oral statements made to Special Agent Fernando Ramos and Special Agent Wells after arrest and after waiver of <u>Miranda</u> rights memorialized in Special Agent Ramos' Report dated _____ (Enclosed as document bates labeled US00000602).

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Enclosed is a copy of the defendant's prior criminal record.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. For instance, copies of files of the Social Security Administration and the Department of Housing and Urban Development relating to Freytes (documents bates labeled US000001-US00000501) are available for inspection at the U.S. Attorney's Office. However, copies of documents bates labeled US00000501-US00000614 regarding the investigation of Freytes for the charges in the indictment are enclosed for your convenience.

4.   Reports of Examinations and Tests under Rule 16 (a)(1)(D)

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

No searches were conducted and no search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

There is no conspiracy count charged in the indictment.

F.   Identifications under Local Rule 116.1(C)(1)(f)

The defendant Freytes was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant Freytes.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

The government is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

H.   Other Matters

The government is aware of its continuing duty to disclose

3

newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at (617) 748-3191 if you have any questions.

                Very truly yours,

                MICHAEL J. SULLIVAN
                United States Attorney

By: _____
    B. STEPHANIE SIEGMANN
    Assistant U.S. Attorney

Enclosures

cc:  Gina Affsa
    Clerk to the Honorable Robert B. Collings
    (w/o enclosure(s))