UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
            Plaintiff      )
                           )      Cr.# 03-10365-MEL
      v.                   )
                           )
LAURA FREYTES              )
            Defendant      )
_____)
```

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(a)(C) and 18 U.S.C. § 3553(a) AND MOTION
FOR DOWNWARD DEPARTURE**

This memorandum is being submitted to assist this Honorable Court in its determination of the most appropriate sentence for Ms. Laura Freytes by addressing the available sentencing options under the provisions of 18 U.S.C. § 3553 and the United States Sentencing Guidelines.

I.   **INTRODUCTION**

Before the Court is a 57 year old woman with merely a 6th grade education.  A survivor of past physical abuse who managed to raise and help educate four children. PSR ¶ 64.  Her daughter Elizabeth is a firefighter, PSR ¶ 66 and her daughter Laura works as an emergency medical assistant.  At present she helps her daughter Elizabeth by providing childcare while Elizabeth is at work.

Ms. Freytes has a long history of depression dating back to 1980, (age 33). PSR ¶ 67-68.  At that time, she lived with Balthazar Morales, the three children he fathered, and Laura,

1

her oldest daughter, progeny of another relationship.  PSR ¶ 64.  Ms. Freytes relationship with Mr. Morales was a physically abusive one, where Ms. Freytes was at the receiving end of the abuse. A relationship for which she presently receives mental health treatment.  PSR ¶ 64 and Exhibit 1, letter from Reina Smoley-Balog, Mental Health Association of Greater Lowell.

   Ms. Freytes suffers from various physical health problems. The most notable has been diagnosed by Dr. Ernesto Lopez as Interstitial Cystitis, a condition produced by an unknown cause.  See attached Exhibit 2, letter from Dr. Ernesto Lopez.  In addition, Ms. Freytes suffers from migraine headaches, sinuositis, osteoporosis and gastritis.  PSR ¶ 66 Physical Condition.

   To date, Ms. Freytes depends on the government to pay for day to day living.  Ms. Freytes presently receives Social Security benefits.  The instant indictment surprised her, since she believed that she was paying back the Social Security fraud to the tune of $65.00 per month, an amount that was being withdrawn by Transactional Services from the monthly eligibility .  After indictment and once the  government learned of the restitution payments by Ms. Freytes, the government requested that the collection efforts seize and desist due to the underlying indictment.  See attached Exhibit 3 and PSR ¶ 76.  Even so, Ms. Freytes continued to set aside the amount she owed as she had previously agreed with the collection effort.  PSR ¶ 76.

II.  **SENTENCING RECOMMENDATION**

Under 18 U.S.C. § 3553 the Court must consider various factors prior to the imposition of sentence including the kinds of sentences available under the United Sentencing Guidelines. The Guidelines were developed from the Sentencing Reform Act of 1984 to further the basic purposes of criminal punishment: deterrence, incapacitation, just punishment, **and rehabilitation**.  U.S.S.G. Part A *Introduction 2. The Statutory Mission.* Congress sought to combat crime through an effective, fair sentencing system.  The Guidelines, provide a methodology with an eye toward eliminating unfair treatment....  U.S.S.G. *Introduction, supra.*

18 U.S.C. § 3553(a)(1) directs the Court to consider at sentencing, in addition to the offense, the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(2)(D) also directs the Court in imposing the appropriate sentence to consider providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  While the United States Sentencing Guidelines themselves fail to take into account these Congressionally mandated considerations, they are considerations that are best addressed by the sentencing Court in its traditional role under the judicial branch of governance.

Ms. Freytes respectfully submits the following guideline provisions are applicable prior to any Departure:

| | |
|---|---:|
| Base Offense Level, U.S.S.G. § 2F1.1(a) | **6** |
| Specific Offense Characteristics ... | |
| 1.  Total Actual Loss more than $10,000 but less than $30,000.00. | **+4** |
| Adjusted Offense Level | **10** |
| Acceptance of Responsibility U.S.S.G. § 3E1.1(a) | **-2** |
| **Total Offense Level** | **8** |
| Criminal History Category | **I** |
| Imprisonment Range prior to Departure (months) | **0-6 months** |
| **Supervised Release** | **Not more than 3 years** |

## BASIS FOR DEPARTURE

The Sentencing Guidelines, and its promulgating statute, permit a court to depart from the applicable guideline range when it finds  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines... 18 U.S.C. § 3553(b). .  U.S.S.G. Part A 4(a), *supra*.

The Court has broad discretion in determining when a departure is appropriate. There is little question that in Ms. Freytes  case there exist extraordinary circumstances, outside the  heartland  of cases, U.S.S.G. § 5K2.0, such as the following: **her medical presentation; her mental health issues, suffering from depression during the instant offense; physical abuse at the hands of loved ones, her brother and her lover;**

4

**her restitution payments prior to indictment (extraordinary acceptance of responsibility); and her post offense restitution payments into a separate bank account (post offense rehabilitation). Furthermore, the Court may wish to consider imposing a sentence which would enable Ms. Freytes to continue with her previously agreed restitution payments.** Even if any one circumstance does not give rise to a reason for a departure to a probationary sentence, **the totality of circumstances** may well converge to create the unusual situation not contemplated by the Commission. United States v. Iaconetti, 59 F.Supp. 2d 139 (D.C. Mass 1999); United States v.Parham, 16 F.3d 844 (8th Cir.1994).

A defendant's physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. See, U.S.S.G. § 5H1.4. However, this Honorable Court has discretion to consider Ms. Freytes' medical presentation in determining what the appropriate sentence should be. See e.g., United States v. Baron, 914 F.Supp. 660, 662-665 (D. Mass. 1995) (in bankruptcy fraud, downward departure from range of 27-33 months to probation and home detention to a 76 year old defendant with medical problems which could be made worse by incarceration); United States v. Gee, 226 F.3d 885 (7th Cir. 2000) (downward departure under §5H1.4 based on health is not an abuse of discretion where judge reviewed medical records and where judge concluded that imprisonment posed a substantial risk to defendant's life). Ms. Freytes requires continued

5

medical treatment for her interstitial cystitis. The same requires weekly treatments at her medical practitioner's office.

Under U.S.S.G. §5H1.3 mental conditions are *not ordinarily relevant* in determining a sentence outside the applicable guideline range, except as provided in Chapter 5 Part K, Subpart 2 (Other Grounds for Departure). <u>See,</u> e.g. <u>United States v. Garza-Juarez</u>, 992 F.2d 896, 913 (9th Cir. 1993) (where the defendant was convicted of sale of gun and possession of silencers, court departed downward under U.S.S.G. §5H1.3 where the defendant suffered from panic disorder and agorophobia. Note that the court did not base its departure on "diminished capacity" U.S.S.G. §5k2.13). Ms. Freytes suffers from anxiety and depression for over the past 20 years. Her depression was present during the time of the commission of the crime for which she plead and at present she is receiving treatment for it. Although her past mental health issues may be no excuse for the crimes committed, they are a mitigating factor that this Honorable Court may consider to determine the appropriate sentence.

Aside from Ms. Freytes' past/present medical and psychological presentations she has made every effort to pay back her fraud to Social Security. The restitution commenced prior to this case being indicted. The fact that she commenced restitution prior to indictment, on a voluntary basis, constitutes extraordinary acceptance of responsibility justifying a downward departure. <u>See</u> <u>United States v. Miller</u>, 991 F.2d 552 (9th Cir. 1993) (voluntary restitution exhibiting

6

extraordinary acceptance of responsibility can justify a downward departure).

**RECOMMENDED SENTENCE**

WHEREFORE, Ms. Freytes respectfully requests this Honorable Court to sentence her to 18 months probation as allowed under the Sentencing Guidelines.

Date: June 22, 2004               Respectfully submitted,

*Victoria M. Bonilla*
Victoria M. Bonilla BBO # 558750
77 Central St., 2nd Floor
Boston, MA 02109
(617) 350-6868

Attorney for Defendant

Certificate of Service

I, Victoria M. Bonilla, hereby certify that I have caused to be served a copy of the within memorandum upon all counsel of record, this date by hand, fax, or mailing said document by first class mail to each said person.
Dated:  June 22, 2004                *Victoria M. Bonilla*

7