UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LAURA ESTHER FREYTES a/k/a EMMA )<br>FREYTES, )<br>)<br>      Defendant. )<br>) | CRIMINAL ACTION<br>NO. 03-10365-MEL |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**FOR DOWNWARD DEPARTURE**

The United States of America, by Michael J. Sullivan, United States Attorney, and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby files the Government's Opposition to the Defendant's Motion for Downward Departure. As described below, this Court should deny the Defendant's Motion because none of the circumstances cited by the Defendant (*i.e.,* medical and mental issues, and restitution payments), when reviewed individually or in their totality, form the basis for a permissible downward departure.

**The Defendant's Medical and Mental Issues Do Not Justify a Downward Departure.**

Medical and mental conditions are not ordinarily relevant in determining whether a departure is warranted. See U.S.S.G. §§ 5H1.3, 5H1.4. No evidence has been presented that the Defendant is seriously disabled by either her medical or mental conditions. For instance, despite suffering from depression and receiving disability benefits from the Social Security Administration, the Defendant was able to work from 1991-2001 and defraud the government. This Court should therefore deny the Defendant's request for a downward departure on these

grounds.

### Defendant's Restitution Payments Do Not Constitute Extraordinary Acceptance.

Restitution can only provide a basis for a departure when it can be characterized as exceptional. The Defendant's restitution payments prior to indictment "do not demonstrate a degree of acceptance of responsibility that is truly extraordinary and substantially in excess of that which is ordinary present." United States v. Hendrickson, 22 F.3d 170, 176 (7th Cir. 1994) (noting that several circuits have held that a court may depart from Guidelines when circumstances surrounding payment of restitution are truly extraordinary).

The Government agrees with the sentencing guideline calculations contained in the Presentence Report, including the two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). One of the factors subsumed within this section of the Guidelines is the voluntary payment of restitution prior to adjudication of guilt. See U.S.S.G. § 3E1.1 app. notes. Accordingly, restitution can only provide the basis for an additional departure "when it indicates an extraordinary acceptance of responsibility" or in other words, "is present to such an exceptional degree that it cannot be characterized as typical or 'usual'." United States v. Hairston, 96 F.3d 102, 108-09 (4th Cir. 1996). In determining whether the payment of restitution is an extraordinary act that takes a case outside of the heartland, the First Circuit Court of Appeals has focused on whether the restitution payments were "genuinely voluntary". United States v. Bennett, 60 F.3d 902, 905 (1st Cir. 1995) (payment of civil suit settlement not "genuinely voluntary" and could not form basis for downward departure for extraordinary acceptance of responsibility).

Here, there is nothing unusual or atypical about the Defendant's conduct. Freytes did not

voluntarily make restitution payments or confess her misconduct to the government.  On the contrary, once the Social Security Administration independently discovered that the Defendant had been defrauding its disability benefit program for approximately ten years, its collection department began automatically deducting ten percent from her gross monthly disability benefits.  These automatic deductions were terminated during the pendency of the criminal prosecution of this case.  The Defendant did not initiate the payment of restitution to the Social Security Administration; she merely acquiesced to its collection process.  Thus, there was nothing voluntary about the Defendant's restitution payments to the Social Security Administration prior to indictment.

Moreover, the Defendant has made no efforts to make restitution to the other victim of her fraudulent conduct, the Department of Housing and Urban Development.  Similarly, the fact that the Defendant has set aside money to make restitution to the Social Security Administration since being criminal indicted is also not extraordinary.  Accordingly, the Government requests that the Court deny the Defendant's request for a downward departure based upon this factor.

## CONCLUSION

The Government objects to any downward departure and will seek a sentence of three years probation with the first six months being served while on home detention. The Government will recommend that home detention be conditioned upon the Defendant's ability to maintain her residence at 270 Nesmith Street, Apartment 9 in Lowell.

          Respectfully Submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:   /s/ B. Stephanie Siegmann
       B. STEPHANIE SIEGMANN
       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of foregoing motion was served upon the counsel of record, Victoria M. Bonilla, by electronic notice on this 25th day of June 2004.

      /s/ B. Stephanie Siegmann
      B. Stephanie Siegmann
      Assistant U.S. Attorney